Ready Mr. Pafma. Good morning your honors and may it please the court. I'm here with Mr. Jakes and we're representing the claimant appellate Mr. Burton. I'd like to begin with three quick points. Here one injury has resulted in two diagnoses, flexion and abduction limitations of arm movement. VA admits the diagnostic code 5201 can be used to assign a rating of flexion. Mr. Pafma, why do we have jurisdiction over this case if a portion of it was remanded? Isn't it non-final? We think that the two issues here would still... Second issue, aside from the fact that it was decided in a previous presidential case, we don't reach if we don't have jurisdiction. I'm sorry, I haven't considered that argument, your honor. Well, our law is well established with very few exceptions. If a case is remanded, it's not final. If you don't have an answer, then tell us why Amberman isn't controlling precedent for proposition that flexion and abduction arise from the same fact situation and there's only one rating. Yeah, I do believe that Amberman should be controlling here, your honor. In Amberman, for flexion of the shoulder, we have two separate diagnoses here that if you look at the regulation of 4.14 itself, it says you have to look at the special regulation to find out how to apply the ruling. Here, the special regulation is rule 4.45 and that says for the joints, the factors of disability reside in reduction for the normal excursions of movements in different planes. And also, plate 1 of 4.71a shows that for the shoulder, there's two planes, the abduction and the flexion limitation. And we think the proper interpretation of Amberman here would be that he, because there's no overlapping symptomology, which is what you should look at to determine if 4.14 applies, that it would be appropriate to give him a separate rating for both flexion and abduction. I think it's logical that if you could give a rating for either flexion or abduction, here when he has both, he has a greater reduction in earning capacity and therefore, he should be entitled to a higher rating. I think that's a logical way to read the statute. As my colleague mentioned, isn't this a factual argument that's beyond the jurisdiction of this court? No, I don't think it's a factual argument here because the veterans court ruled that in all cases of shoulder abduction and flexion, that 4.14 would prohibit a ruling of two ratings. And so, it's a legal question of interpretation of 4.14 in the case of a shoulder injury. Okay. And the second issue here is the amount of rating he's entitled to for each of his arm limitation motions. And Rule 38 CFR 4.59 states that you're entitled to the minimum compensable rating for the joint. And here, the government has used a bone rating code, 5203, instead of the joint rating code, 5201, which is the arm limitation of motion of. And the minimum compensable rating under arm limitation of motion is 20% and the minimum compensable rating under the clavicle or scapula is 10%. And we think the question of law for the second part of this is whether for 4.59, it's appropriate to use 5203. And we think it's inappropriate because it's not dealing with a reserve type rebuttal. Okay. Thank you. Ms. Osford. May it please the Court. The Court should affirm the Veterans Court's decision because it correctly concluded that the Board accounted for Mr. Burton's pain in assigning a disability rating for his shoulder injury. In other words, are you conceding jurisdiction? No, we are not. Because if you're not conceding jurisdiction, we can't affirm. You make a good point, Your Honor. The Court should dismiss the case for lack of jurisdiction. And the jurisdiction argument with respect to the 4.14 issue is that although Mr. Burton claims that the Veterans Court interpreted 4.14, what the Veterans Court actually did was say that 4.14 says you're not allowed to get more than one rating for a single disability. And what the Veterans Court decided in this case was that Mr. Burton did suffer from only one disability, and therefore multiple ratings were not warranted under the non-pyramiding requirement of Section 4.14. So the question is an application of law to fact. Did Mr. Burton suffer from two disabilities which would entitle him to separate ratings? In other words, you're saying that's another reason for dismissal. It's law to fact. Exactly. With respect to the question of whether or not DC-5203 was correctly applied, it's a similar situation. The Veterans Court has found that the Board's determination as to whether or not the proper code was applied is an application of law to fact, which is clearly not within this Court's jurisdiction under 1792. So the case should be dismissed for lack of jurisdiction. Your Honor mentioned the issue about whether or not the case should be even heard by the Court because part of it was remanded. That's the Williams analysis. We did not argue that in our brief. As you know, that's a close question because here only a stage rating was put into place and only the period of August to December of 2002 was remanded. I don't believe Mr. Burton has actually appealed that portion of the Board's and Veterans Court's decision, but if the Court were so inclined to dismiss for lack of finality, we would not object. With respect to the merits of the appeal, first with respect to 4.14, the Court raised the Amberman case. In the Amberman case, we dealt with a totally different situation. Here we have one shoulder injury. In Amberman, the appellant there was diagnosed with both PTSD and bipolar disorder. She had two separate disorders. It was not disputed that they were two separate disorders or diseases, but the question was whether she could get compensated separately for each, and what the Court had to decide in that case was whether or not there were overlapping symptoms. But Mr. Burton is saying he has a joint problem under 5201, not a bone problem under 5203. Mr. Burton is reading, first of all, that's a question of application of a lot of facts. Did the Board properly decide that 5203 was the right code? Setting that aside for a moment, Mr. Burton is reading too narrowly 5203. 5203 refers to the scapula and the clavicle. The scapula is the bone that connects to the humerus. It's a ball and socket situation which forms the clavicle and scapula are part of the shoulder joint. If we were to read 5203 to not apply at all to bones, then there's a possibility that certain veterans would not get any compensation when they did not meet the limitation of motion requirements of Section 5201. If another veteran had a limitation of motion that was less than the minimum under 5201, under Mr. Burton's interpretation, they would not be compensable under 5203. In this case, our interpretation means that such a veteran would be compensable. Here, it's undisputed that Mr. Burton did not meet the minimum criteria of Section 5201. At pages 10 to 13 of Mr. Burton's brief, he admits that even taking into account his pain, he was still able to raise his arm above his shoulder. So 5201 didn't apply at all. Under 4.59, the veteran is entitled to the minimum compensable rating for the disability. Here, that would be 5203, the 10% he was given. So Mr. Burton's interpretation of 5203 is incorrect when he says it applies solely to the bone. Moving back briefly to the other issue, the real issue here is whether or not a veteran is entitled to two ratings under the same diagnostic code. That's exactly what happened here. Mr. Burton claims that he should have gotten a rating for flexion and abduction because both are 9-2004. The only circumstances under which you may be considered for separate ratings for the same condition is if there are two separate diagnostic codes that cover it. Here, the two separate symptoms that he had, flexion and abduction, both were covered by 5201. He wasn't allowed to get two ratings under that code. You're saying if we have jurisdiction, we could simply affirm under Amberman? You could affirm under Amberman. Amberman recognized that normally you only get one rating for one disability. Unless the court has further questions, we would ask that you do. What are you asking us to do? What is your primary argument here? I mean, our first argument would be that the court lacks jurisdiction, therefore you should dismiss the case in total. On which grounds? Lacks jurisdiction on which grounds? Well, application of law to fact. We would also argue that under the current Warner decision that neither this court nor the Veterans Court has jurisdiction to review the content of the codes. We think that the statute is clear, but unfortunately the case law where the meaning that the court can't review the Veterans Court's refusal to review codes, 7252, which says the Veterans Court is not allowed to do so, and then also 7292D, which says no review of application of law to fact. Assuming jurisdiction, then we would ask for affirmance. Thank you, Ms. Hosford. Mr. Poffman? Hi. I'd like to respond to four of her points. For the first, the application of law to facts. We think that each of the questions here is independent of any facts that happen in this case. These are all questions of law, of how to interpret regulations and how they interact with each other. Specifically for 4.59, the question is which diagnostic code is appropriate to use with 4.59. 5203, she mentioned that- That sounds like application of regulation to fact. Which regulation to use? No, because the fact here is already spelled out in 4.59. It says for a joint, you're supposed to use a code. There's no fact other than the fact that 4.59 assumes you're starting with a joint. It's really a question of legal interpretation of which code you should use with 4.59. You're talking about applying the law without facts? If the law is applied, doesn't it have to be applied to some facts? If so, isn't that beyond this court's jurisdiction? Here, we do have the underlying fact of which they did choose to use 5203 as a diagnostic code, but we're not- That fact is an issue of whether or not there's a joint at issue here. 5203, she said that the shoulder is part of the joint and therefore should be considered a joint. If you actually look at the language of 5203, it's talking about dislocation, nonunion, and malunion. Nonunion means a problem that prevents the normal healing of a broken bone. Misunion means a faulty union of the fragments of a broken bone. An impairment, the actual title of the thing, clavicle or scapula impairment of, impairment means a quality of strength. Nowhere in here does it discuss anywhere about movement except the very last line that says, or rate on impairment of function of a contiguous joint. In this case, that would be 5201. The only thing in the arm statute, the 5200 section, that discusses any motion at all. The second point I'd like to make, or I guess the third point, is she discussed Cullen, and whether or not Cullen says that you can't use one diagnostic code to award two separate disability ratings. I think Cullen's a completely different case. There was different rating schedules. There's a 20% and a 30%, and he had symptoms of both. He said, I want the 20% and 30% for the same thoracic spine injury. The Cullen court actually examined the regs and said, and they recognized in some instances, if he had a thoracic and a lumbar problem in the spine, they could give him a dual rating, but because it was both problems with the thoracic, he's only entitled to one. So I don't think Cullen stands for a solid proposition that you can never use the same rating code to give more than one rating. I think I hit all my points. If there's no more questions, we'll rest. No, I'd like to make a comment, though. We've been harsh on counsel for not raising issues and being prepared, and issues which were in there, and even counsel for the government, but I do think counsel and their firm should be commended for representing the veterans here, which I would guess possibly that's on a pro bono basis. So however we come out, whatever our questions have indicated with respect to preparedness, we certainly commend you for representing the veterans. Thank you, Your Honor. Thank you. That concludes our morning.